# PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

## DEATH PENALTY CASE

## EXECUTION SCHEDULED FOR DECEMBER 10, 2026, AT 6:00 PM

| | |
|---|---|
| **United States District Court** | **District: Middle District of Florida, Tampa Division** |
| **Name:**<br>Willie Seth Crain, Jr. | **Docket or Case No.:**<br>**8:26-cv-3503** |
| **Place of Confinement:**<br>Florida State Prison<br>23916 NW 83rd Ave<br>Raiford, Florida 32026 | **Prisoner No.:**<br>DOC# 096344 |
| **Petitioner**,<br>Willie Seth Crain, Jr. | **v. Respondents**,<br>Richard Comerford,<br>Sec'y. Dept. of Corr., Fla.,<br>&<br>James Uthmeier,<br>Att'y General, Fla. |

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging: **Thirteenth Judicial Circuit Court, Tampa, Hillsborough County, Florida.**

   (b) Criminal docket or case number (if you know): **Case No. 98-17084**

2. (a) Date of the judgment of conviction (if you know): **November 19, 1999.**

   (b) Date of sentencing: **November 19, 1999; July 23, 2025.**

3. Length of sentence: **As to Count 1, First Degree Murder: Death; as to Count 2, Five years prison**

4. In this case, were you convicted on more than one count or of more than one crime?
☒Yes ☐ No

5. Identify all crimes of which you were convicted and sentenced in this case: **One count of first-degree murder, one count of false imprisonment. Mr. Crain was originally convicted and sentenced to one count of first-degree murder and one count of kidnapping. However, the Florida Supreme Court in *Crain v. State*, 894 So. 2d 59 (Fla. 2004) found insufficient evidence to prove kidnapping with intent to commit homicide and remanded with directions to the trial court to enter a judgment for false imprisonment and sentence accordingly. A new judgment and sentence in accordance with the directions of the Florida Supreme Court was not entered until July 23, 2025.**

6. (a) What was your plea?
☒ (1) Not guilty ☐ (3) Nolo contendere (no contest)

☐ (2) Guilty ☐ (4) Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to? **N/A**

(c) If you went to trial, what kind of trial did you have?
☒ Jury ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?
☒Yes ☐ No

8. Did you appeal from the judgment of conviction?
☒Yes ☐ No

9. If you did appeal, answer the following:

(a) Name of court: **Florida Supreme Court**
(b) Docket or case number (if you know): **SC00-661.**
(c) Result: **As to Count One, First-degree Murder, conviction and sentence of death affirmed; as to Count Two, Kidnapping, insufficient evidence to prove kidnapping with intent to commit homicide and remanded with directions to the trial court to enter a judgment for false imprisonment and sentence accordingly.**

(d) Date of result (if you know): **October 28, 2004**
(e) Citation to the case (if you know): **894 So. 2d 59 (Fla. 2004).**
(f) Grounds raised:

Issue One: The State did not prove that the killing of Amanda Brown was premeditated.

Issue Two: The State did not prove an essential element of kidnapping and felony murder, that Amanda Brown was abducted with intent to commit or to facilitate a homicide.

Issue Three:The felony murder jury instruction defining kidnapping violated Petitioner's right to due process of law because it permitted conviction upon proof of an intent not alleged in the indictment.

Issue Four: The State did not prove the felony murder aggravating circumstance.

(Via supplemental briefing):

Issue Five: Section 921.141, Florida Statutes (1997), is unconstitutional because it violates the due process and right to jury trial requirements that aggravating circumstances must be alleged in the indictment and found by the jury to have been proven beyond a reasonable doubt.

(g) Did you seek further review by a higher state court? **N/A**
If yes, answer the following:
(1) Name of court:

(2) Docket or case number (if you know):
(3) Result:
(4) Date of result (if you know):
(5) Citation to the case (if you know):
(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?
☒ Yes ☐ No

If yes, answer the following:

(1) Docket or case number (if you know): **04-9880**
(2) Result: **Certiorari denied**
(3) Date of result (if you know): **October 3, 2005**
(4) Citation to the case (if you know): **546 U.S. 829 (2005)**

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?
☒Yes ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: **Thirteenth Judicial Circuit Court, Hillsborough County, Florida**
(2) Docket or case number (if you know): **98-17084 Division TR1**
(3) Date of filing (if you know): **September 8, 2006**
(4) Nature of the proceeding: **Capital postconviction proceeding under Fla.R.Crim.P. 3.851.**
(5) Grounds raised:

Claim 1: The defendant received ineffective assistance of counsel due to counsel's failure to challenge the State's circumstantial case resulting in a violation of Petitioner's 6th Amendment rights under the U.S. Constitution. No scientific test conclusively established that certain stains found in defendant's home was blood; no independent testing of DNA

evidence was performed; and no expert testimony was offered at trial to challenge DNA evidence presented against Petitioner.

Claim 2: The defendant received ineffective assistance of counsel due to counsel's failure to seek exclusion of evidence (scratch photos) obtained involuntarily from Petitioner or from the search warrant subsequently obtained based upon this evidence in violation of his constitutional rights.

Claim 3: The defendant received ineffective assistance due to counsel’s failure to retain a defense medical expert to challenge the State's medical examiner's testimony regarding scratch mark evidence presented at trial.

Claim 4: The defendant received ineffective assistance of counsel for failure to provide competent expert psychological evaluation and testimony, to adequately investigate, prepare and present available mitigation evidence through expert or other testimony, and to otherwise challenge the prosecution's case for the death sentence.

Claim 5: Trial counsel provided ineffective assistance by failing to effectively cross examine trial witness testimony for impeachment purposes to undermine the state's theory and establish reasonable doubt of guilt.

Claim 6: Execution by lethal injection is cruel and unusual punishment under the State and federal constitutions.

Claim 7: The Eighth Amendment right against cruel and unusual punishment will be violated as the defendant may be incompetent at time of execution.

Claim 8: The rules prohibiting Petitioner's lawyers from interviewing jurors to determine if constitutional error was present violates equal protection principles,

the First, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Florida Constitution and denies Petitioner adequate assistance of counsel in pursuing his postconviction remedies.

Claim 9: Cumulatively, the combination of procedural and substantive errors deprived Petitioner of a fundamentally fair trial guaranteed under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Florida Constitution.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☒Yes ☐ No

(7) Result: **Motion denied.**

(8) Date of result (if you know): **September 10, 2009.**

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: **Thirteenth Judicial Circuit Court, Hillsborough County, Florida**

(2) Docket or case number (if you know): **98-17084CFAWS**

(3) Date of filing (if you know): **January 5, 2017**

(4) Nature of the proceeding: **Successive capital postconviction proceeding under Fla.R.Crim.P. 3.851.**

(5) Grounds raised:

Claim 1: In light of *Hurst v. Florida*, Defendant's death sentence violates the Fifth, Sixth, Eighth and Fourteenth Amendments of the United States Constitution and the corresponding provisions of the Florida Constitution.

Claim 2: Under *Hurst v. State*, Defendant's death sentence violates the Eighth Amendment of the Unites States Constitution and the corresponding provisions of the Florida Constitution.

Claim 3: The Court should vacate Defendant's death sentence because the fact-finding that subjected him to death was not proven beyond a reasonable doubt.

Claim 4: In light of *Hurst v. Florida, Perry v. State*, and *Hurst v. State*, Defendant's death sentence violates the Florida Constitution, including Article I, Sections 15 and 16, as well as Florida's history of requiring a unanimous jury verdict.

Claim 5: The decisions in *Hurst v. State* and *Perry v. State* are new law that could govern at resentencing and must be part of the second prong analysis of Defendant's previously presented newly discovered evidence claim and Strickland claims. The new law, due process principles, and the Eighth Amendment all require the Court to revisit Defendant's previously presented claims and determine whether the evidence presented to support each claim and all the other admissible evidence at a future resentencing would probably result in a life sentence in light of the new law that would govern resentencing.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?
☐ Yes ☒ No
(7) Result: **Motion denied**
(8) Date of result (if you know): **June 15, 2017; Rehearing denied: July 12, 2017.**

(c) If you filed any third petition, application, or motion, give the same information: N/A
(1) Name of court: **Circuit Court of the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida**

(2) Docket or case number: 1998-CF-17084

(3) Date of filing: **August 1, 2024.**

(4) Nature of the proceeding: **Defendant's Motion to Correct Sentence.**

(5) Grounds raised: **Mr. Crain was entitled to a resentencing in accordance with the directions of the Florida Supreme Court in *Crain v. State*, 894 So. 2d 59 (Fla. 2004) and by doing so, Willie Crain is entitled a sufficiency of the evidence analysis and initial postconviction proceedings.**

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition: ☒Yes ☐ No
(2) Second petition: ☒Yes ☐ No
(3) Third petition: ☒Yes ☐ No

(e) If you did appeal, answer the following:

(1) Name of court: **Florida Supreme Court**
(2) Docket or case number (if you know): **SC09-1920.**
(3) Result: **Affirmed the postconviction court's denial of all claims.**
(4) Date of result (if you know): **October 13, 2011.**
(5) Citation to the case (if you know): ***Crain v. State*, 78 So. 3d 1025 (Fla. 2011)**
(6) Grounds raised:

Issue 1: The postconviction court erred when it denied appellant's claim that he received ineffective assistance of counsel due to counsel's failure to challenge the state's circumstantial case - resulting in violation of Petitioner's 6th Amendment rights under the U.S. Constitution.

Issue 2: The postconviction court erred when it denied the appellant's claim that he received ineffective assistance due to counsel's failure to retain a defense medical expert to challenge the State's medical examiner's testimony regarding scratch mark evidence presented at trial.

Issue 3: The postconviction court erred when it denied the appellant's claim that he received ineffective assistance of counsel for failure to provide competent expert psychological evaluation and testimony, to adequately investigate, prepare and present available mitigation evidence through expert or other testimony, and to otherwise challenge the prosecution's case for the death sentence.

Issue 4: The rules prohibiting appellant's lawyers from interviewing jurors to determine if constitutional error was present violates equal protection principles, the First, Sixth, Eighth and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Florida Constitution and denies him adequate assistance of counsel in pursuing his postconviction remedies.

Issue 5: The postconviction court erred in denying the claim that, cumulatively, the combination of procedural and substantive errors deprived appellant of a fundamentally fair trial guaranteed under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution and the corresponding provisions of the Florida Constitution.

(f) If you did appeal the successive motion, answer the following:

(1) Name of court: **Florida Supreme Court**
(2) Docket or case number (if you know): **SC17-1475.**
(3) Result: **Affirmed the postconviction court's denial of all claims.**
(4) Date of result: **April 5, 2018, Rehearing denied July 5, 2018**
(5) Citation to the case: ***Crain v. State*, 246 So. 2d 206 (Fla. 2018)**
(6) Grounds raised:

Issue 1: In light of *Hurst v. Florida* and *Hurst v. State*, Defendant's death sentence violates the Fifth, Sixth,

Eight and Fourteenth Amendments of the United States Constitution and the corresponding provisions of the Florida Constitution. (A) No Contemporaneous Felony Aggravator; (B) No HAC or CCP Aggravators; (C) *Caldwell v. Mississippi*; (D) No Mercy Recommendation Instruction.

Issue 2: Under *Hurst v. State*, Defendant's death sentence violates the Eighth Amendment of the Unites States Constitution and the corresponding provisions of the Florida Constitution.

Issue 3: The Court should vacate Defendant's death sentence because the fact-finding that subjected him to death was not proven beyond a reasonable doubt in violation of the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution and the corresponding provisions of the Florida Constitution.

Issue 4: In light of *Hurst v. Florida, Perry v. State*, and *Hurst v. State*, Defendant's death sentence violates the Florida Constitution, including Article I, Sections 15 and 16, as well as Florida's history of requiring a unanimous jury verdict.

(g) Did you file a petition for certiorari in the United States Supreme Court? **Yes, as to the successive capital postconviction motion and appeal.**
If yes, answer the following:
(1) Docket or case number (if you know): **18-6882**
(2) Result: **Certiorari denied.**
(3) Date of result (if you know): **January 22, 2019**.
(4) Citation to the case (if you know):

(h) If you filed a third petition, application, or motion, give the same information:
(1) Name of Court: **Florida Supreme Court**
(2) Docket of Case Number: SC2025-1268
(3) Date of Filing: **December 15, 2025**

(4) Nature of Proceedings: **Appeal of Circuit Court denial of Crain's motion to correct sentence and strike "nunc pro tunc."**
(5) Grounds raised:

Issue I: Resentencing Appellant "nunc pro tunc" was an improper use of this function and created an illegal sentence in violation of the Fourteenth Amendment of the United States Constitution and corresponding provision of the Florida Constitution.

Issue II: There was insufficient evidence to convict Appellant of either felony murder by kidnapping or false imprisonment in violation of the Fourteenth Amendment of the United States Constitution and corresponding provisions of the Florida Constitution.

Issue III: The reversal of the conviction for kidnapping with intent to kill impacts the kidnapping aggravator and entitles appellant to a new sentencing in Count 1 as a finding of intent to kill likely affected the jury's recommendation for death in violation of the Fourteenth Amendment of the United States Constitution and corresponding provision of the Florida Constitution.

12. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the

grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE: The Florida Supreme Court failed to enter an order adjudicating the merits of Crain's constitutional claim for relief that resentencing Mr. Crain "nunc pro tunc" to the date of original sentencing was improper and created an illegal sentence in violation of the Fourteenth Amendment of the United States Constitution and violates established federal law.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

On September 13, 1999, a jury had found Crain guilty of murder in the first degree and kidnapping. Crain was sentenced on November 19, 1999. The Florida Supreme Court ordered that Crain be sentenced to false imprisonment on October 28, 2004, in *Crain v. State*, 894 So. 2d 59, 76 (Fla. 2004). On July 23, 2025, following Crain's motion to correct illegal sentence, the trial court sentenced Crain to five years Florida Department of Corrections "nunc pro tunc" to November 19, 1999. Crain challenged the addition of "nunc pro tunc" in his sentencing order as it was contrary to the law which recognized his re-sentencing on count 2 as a new sentence which was imposed on July 23, 2025, and argued that his resentence created a new judgement and sentence. During arguments before the trial court, Assistant Attorney General Rick Buchwalter advised the trial court on September 22, 2025:

> I will also point out that the reason it's important for the court to resentence him… [nunc pro tunc]… because if he's not sentenced nunc pro tunc, he will then have his opportunity to go back to federal court and it will be as if he has never been to federal court…

Trans., 4:19-25, Sept 22, 2025. Thus the trial court entered a judgment and sentence in Crain's case nunc pro tunc to November 19, 1999.

Crain filed the first Defendant's Motion to Correct Sentence on August 1, 2024. The Circuit Court for the Thirteenth Judicial Circuit entered an Order on the motion Granting in part and Denying in part. Crain appealed to the Florida Supreme Court in SC2025-0211 which was dismissed upon an order granting Appellee's Motion to Strick Notice of Appeal and Dismiss Appeal. Crain was then resentenced in Circuit Court on July 23, 2025, and he then filed a second motion, Defendant's Motion to Correct Sentence Which Dates His Sentencing "Nunc Pro Tunc" to November 19, 1999. On September 15, 2025, the Circuit Court entered an order denying Crain's second motion. On October 28, 2025, the Circuit Court entered an order vacating the September 15, 2025, order and denying Crain's second motion. Crain appealed the denial of his second motion to the Florida Supreme Court in SC2025-1268 which was dismissed as "moot" on September 8, 2026.

(b) If you did not exhaust your state remedies on Ground One, explain why: N/A

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☒ Yes ☐No

(2) If you did not raise this issue in your direct appeal, explain why: n/a

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes ☐No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **Motion to Correct Sentence which Dates His Resentencing "Nunc Pro Tunc" to September 19, 1999.**

Name and location of the court where the motion or petition was filed: **Thirteenth Judicial Circuit Court, Hillsborough County, Florida.**

Docket or case number (if you know): **98-17084**

Date of the court's decision: **October 28, 2025**

(3) Did you receive a hearing on your motion or petition?

☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition?

☒Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?

☒Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **Florida Supreme Court**
Docket or case number (if you know): **SC2025-1268.**
Date of the court's decision: **September 8, 2026.**
Result (attach a copy of the court's opinion or order, if available): **Denied as moot.**

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One: **Crain filed the first Defendant's Motion to Correct Sentence on August 1, 2024. The Circuit Court for the Thirteenth Judicial Circuit entered an Order on the motion Granting in part and Denying in part. Crain appealed to the Florida Supreme Court in SC2025-0211 which was dismissed upon an order granting Appellee's Motion to Strick Notice of Appeal and Dismiss Appeal. Crain was then resentenced in Circuit Court on July 23, 2025, and he then filed a second motion, Defendant's Motion to Correct Sentence Which Dates His Sentencing "Nunc Pro Tunc" to November 19, 1999. On September 15, 2025, the Circuit Court entered an order denying Crain's second motion. On October 28, 2025, the Circuit Court entered an order vacating the September 15, 2025, order and denying Crain's second motion. Crain appealed the denial of his second motion to the Florida Supreme Court in SC2025-1268 which was dismissed as "moot" on September 8, 2026.**

**GROUND TWO: There was insufficient evidence to convict defendant of either felony murder by kidnapping or false imprisonment in violation of the Eighth and Fourteenth Amendments of the United States Constitution.**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Florida Statute §787.02(1)(a) (1998), defines false imprisonment as requiring the confining, abducting, imprisoning or restraining of another person to be "against her or his will."

The elements of the instruction read to the jury were not established with competent, substantial evidence. The Florida Supreme Court found:

> The trial court instructed the jury on first-degree felony murder in Count 1 as follows:
>
> > Before you can find the defendant guilty of First Degree Felony Murder, the State must prove the following three elements beyond a reasonable doubt:
> >
> > One, that [Amanda] is dead; two, that the death occurred as a consequence of and while Willie Seth Crain was engaged in the commission of Kidnapping; three, that Willie Seth Crain was the person who actually killed [Amanda].
> >
> > **"Kidnapping"** is the forcible or secret confinement, abduction or imprisonment of another, against that person's will and without lawful authority.
> >
> > *The Kidnapping must be done with the intent to commit or facilitate the commission of homicide or to inflict bodily harm upon the victim.*

(Emphasis added.) *Crain v. State*, 894 So. 2d 59, 68 (Fla. 2004).

During the trial, the facts established that the victim's mother took a large dose of valium and went to sleep while Mr. Crain was in bed with her and Amanda, the victim. When she awoke Amanda was gone. That night, the

neighbors heard a truck running outside, but there was no testimony from any of the witnesses about hearing a young child's voice or seeing her. The State presented no facts to support a finding that there was an abduction of Amanda while she was alive in her home or that Amanda left her home alive.

During Mr. Crain's testimony, he denied knowledge of what happened to Amanda and denied harming her in any way. He testified that the small amount of blood allegedly found on his toilet seat may have been from helping her pull a baby tooth earlier in the day.

The Florida Supreme Court's analysis solely focused on "intent" and none of the other elements. As part of the findings of fact, Florida Supreme Court noted, the State argued that "luminol evidence demonstrates that a large amount of blood was spilled in the bathroom and therefore establishes that the kidnapping was committed with an intent to kill." *Id.*, at 75. The Florida Supreme Court found:

> Although the DNA blood evidence found on the tissue and the toilet seat in Crain's bathroom independently establishes that Amanda's blood was deposited in Crain's bathroom, it does not establish how much she bled, what caused her to bleed, ***or where she was killed***. Because of the presence of bleach, ***it is impossible to tell how much of the luminol "glow"—if any—was attributable to blood and how much was attributable to bleach***. (Emphasis added.)

*Id.* Furthermore, the trial court found and Justice Wells concurred, "There is no way to know exactly what happened to [the victim,] [Amanda]." *See*, *State*

*v. Crain*, No. 98-17084, Sentencing Order at 2 (Fla. 13th Cir. Ct. order filed Nov. 19, 1999), also cited in J. Wells dissenting opinion in *Crain*, 894 So. 2d at 88.

The State argued at trial during its closing that Crain brought the child to his truck while she was asleep. (V21/R3115) The State told the jury, "Her departure, her snatching from the bed of her mother by this defendant, was kidnapping." (V20/R3001) The State did not present any evidence as to whether the victim did in fact leave her mother's bed because of Mr. Crain.

The State's argument was that the substance found in Crain's bathroom was Amanda's blood and this was used to support the kidnapping. There was no finding or evidence presented that she was alive when the alleged blood was spilled. Only a couple drops of bodily fluid were found and a presumptive test was performed on the substance. It was trial counsel's stipulation that the fluid was blood that determined the issue. Although no evidence, the State implied through the testimony of fisherman Darlington that Mr. Crain took the body out to Upper Tampa Bay that morning. Darlington never testified that he saw a body or any indication of Amanda with Mr. Crain. Then in closing, the State actually told the jury that Crain "laid [Amanda's] body to rest in the turning waters of Upper Tampa Bay." (V20/R3009) The Florida Supreme Court specifically found the State did not present any facts to establish where Amanda died. *Crain,* 894 So. 2d at 75.

Concerning the luminol, Justice Lewis pointed out in his separate concurring opinion:

> The majority further concludes that the luminol evidence presented here establishes that Amanda was bleeding while she was confined by Crain. However, Crain testified that he had cleaned his bathroom with bleach, an assertion supported by the State's witness, Detective Bracket, who testified that when he conducted a search of Crain's trailer, he noticed a very strong odor of bleach in Crain's bathroom. As the State's expert witness testified, luminol reacts with the presence of bleach in the same manner in which it reacts when blood is present. The State presented no evidence that Crain had used bleach to clean blood from his bathroom because no such direct evidence existed. Therefore, in my view, there is no competent evidence inconsistent with the defendant's theory of events concerning the luminol evidence.

*Crain*, 894 So. 2d at 86-87. And as to the "small, almost invisible blood stain found on Crain's toilet seat":

> That blood establishes only that Amanda was present in Crain's bathroom, a bathroom she had used prior to her disappearance, and in no way supports a finding that Crain kidnapped Amanda with the intent to commit bodily harm.

*Crain*, 894 So. 2d at 87, n. 27.

The Florida Supreme Court specifically recognized that the State's expert concerning scratch marks, Dr. Vega, conceded "that he was unable to reach any conclusion as to the precise origin of the scratch marks." *Crain II*, 78 So. 3d at 1039-40. The Florida Supreme Court found that on cross-examination Dr. Vega admitted he was unable to definitively conclude "whether Crain's scratches were caused by human fingernails, that Crain's injuries were also consistent with being caused by objects associated with Crain's profession as a crabber, and that he could not determine if all of Crain's

injuries occurred simultaneously. Dr. Vega also acknowledged that his opinion was not within a reasonable degree of medical certainty." *Crain II*, 78 So. 3d at 1040.

Finally, as to the State's direct appeal argument that Crain's behavior surrounding the evening of Amanda's disappearance and the following day supports intent, the Florida Supreme Court found:

> To support its theory that the murder was committed with premeditation, the State also relies on evidence that Crain left his truck running outside Hartman's trailer on the night of Amanda's disappearance, exhibited unusual behavior the next morning, and attempted to conceal his crime. These facts evince a plan to remove Amanda from her mother's residence and to eliminate all evidence of her presence at his residence, but do not support an inference that Crain's intent at any specific point in time was to kill her. *See generally Norton v. State,* 709 So.2d 87, 93 (Fla. 1997) ("Efforts to conceal evidence of premeditated murder are as likely to be as consistent with efforts to avoid prosecution for any unlawful killing."); *Hoefert v. State,* 617 So.2d 1046, 1049 (Fla.1993); *see also Smith v. State,* 568 So.2d 965, 968 (Fla. 1st DCA 1990).

*Crain,* 894 So.2d at 75-76.

The issue of sufficiency of the evidence has not been analyzed by the Florida Supreme despite Crain presenting such issue for its review. Defendant challenged the legality of sentencing him to False Imprisonment in Count 2 and by implication, letting stand the conviction for felony murder in Count 1.

(b) If you did not exhaust your state remedies on Ground Two, explain why: N/A

(c) **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

☒ Yes ☐No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:
n/a

(d) Post-Conviction Proceedings:

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☒ Yes ☐No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: **Motion to Correct Sentence which Dates His Resentencing "Nunc Pro Tunc" to September 19, 1999.**

Name and location of the court where the motion or petition was filed: **Thirteenth Judicial Circuit Court, Hillsborough County, Florida.**

Docket or case number (if you know): **98-17084**

Date of the court's decision: **October 28, 2025**

(3) Did you receive a hearing on your motion or petition?
☐ Yes ☒ No

(4) Did you appeal from the denial of your motion or petition?
☒Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?
☒Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: **Florida Supreme Court**

Docket or case number (if you know): **SC2025-1268.**
Date of the court's decision: **September 8, 2026.**
Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) Other Remedies: Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two: **Crain filed the first Defendant's Motion to Correct Sentence on August 1, 2024. The Circuit Court for the Thirteenth Judicial Circuit entered an Order on the motion Granting in part and Denying in part. Crain appealed to the Florida Supreme Court in SC2025-0211 which was dismissed upon an order granting Appellee's Motion to Strick Notice of Appeal and Dismiss Appeal. Crain was then resentenced in Circuit Court on July 23, 2025, and he then filed a second motion, Defendant's Motion to Correct Sentence Which Dates His Sentencing "Nunc Pro Tunc" to November 19, 1999. On September 15, 2025, the Circuit Court entered an order denying Crain's second motion. On October 28, 2025, the Circuit Court entered an order vacating the September 15, 2025, order and denying Crain's second motion. Crain appealed the denial of his second motion to the Florida Supreme Court in SC2025-1268 which was dismissed as "moot" on September 8, 2026.**

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction?
☒Yes ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b) Is there any ground in this petition that has not been presented in some state or federal court? **No.** If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☐ Yes ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☒ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: Unable to determine.

(b) At arraignment, plea, trial and sentencing:

Daniel M. Hernandez
902 North Armenia Avenue
Tampa, Florida 33609-1707

and

Charles Traina
Office of Public Defender
700 East Twiggs Street, Fl 4
Tampa, Florida 33602-4040

(c) On appeal:

Paul C. Helm
2310 Arrowhead Boulevard
Lakeland, Florida 338133845

(d) In any post-conviction proceeding:

Robert T. Strain
Office of the Capital Collateral Regional Counsel
3801 Corporex Park Dr., Ste. 210
Tampa, Florida 33619-1136

and

Carol C. Rodriguez
Office of the Capital Collateral Regional Counsel
3801 Corporex Park Dr., Ste. 210
Tampa, Florida 33619-1136

and

David R. Gemmer
Office of the Capital Collateral Regional Counsel
3801 Corporex Park Dr, Ste 210
Tampa, Florida 33619-1136

(e) On appeal from any ruling against you in a post-conviction proceeding:

Robert T. Strain
Office of the Capital Collateral Regional Counsel
3801 Corporex Park Dr., Ste 210
Tampa, Florida 33619-1136

and on the successive postconviction proceedings,

Ann Marie Mirialakis
Office of the Capital Collateral Regional Counsel
12973 N. Telecom Parkway
Temple Terrace, Florida 33637

Melody Jacquay-Acosta
Office of the Capital Collateral Regional Counsel
12973 N. Telecom Parkway
Temple Terrace, Florida 33637

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging? Yes; see response to 1(5).

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: **Thirteenth Judicial Circuit Court, Tampa, Hillsborough County, Florida.**

(b) Give the date the other sentence was imposed: **July 23, 2025.**

(c) Give the length of the other sentence: **False Imprisonment, 5 years Florida Department of Corrections.**

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?

☐ Yes ☒ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

**Crain was resentenced on July 23, 2025, nunc pro tunc to November 19, 1999. Crain appealed the circuit court entering an order sentencing him nunc pro tunc. The Florida Supreme Court denied Crain's appeal September 8, 2026 as outlined above.**

---

* The Antiterrorism and Effective Death Penalty Act of 1996 (“AEDPA”) as contained in 28 U.S.C. § 2244(d) provides in part that:

> (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: grant of the petition and release from the judgment and sentence; alternatively, grant of a new trial, or any other relief to which petitioner may be entitled.

Date: November 17, 2026

/s/ Melody J. Jacquay
MELODY JACQUAY-ACOSTA
Florida Bar No. 1010248
Assistant CCRC
support@ccmr.state.fl.us
jacquay@ccmr.state.fl.us

Attorney for Petitioner

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct.

Executed (signed) on:
Date: November 17, 2026

/s/ Melody J. Jacquay
MELODY JACQUAY-ACOSTA
Florida Bar No. 1010248
Assistant CCRC
support@ccmr.state.fl.us
jacquay@ccmr.state.fl.us

Attorney for Petitioner