**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**WILLIE SETH CRAIN, JR.,**
Petitioner,

Death Penalty Case
**EXECUTION SCHEDULED DECEMBER 10, 2026, AT 6:00 PM**
Case No. 8:26-cv-3503-KKM-LSG

v.

**RICHARD COMERFORD**,
Secretary, Florida Department of Corrections,
Respondent,
&

**JAMES UTHMEIER**,
Attorney General, State of Florida, Additional Respondent.
__________________________________/

**PETITIONER'S REPLY TO STATE'S RESPONSE TO PETITIONER'S HABEAS PETITION & MOTION FOR STAY**

**/s/ Melody J. Jacquay**
MELODY JOY JACQUAY-ACOSTA
Florida Bar No. 1010248
Assistant CCRC-M
Jacquay@ccmr.state.fl.us
**/s/ Colleen Monroe**
COLLEEN ANN MONROE
Florida Bar No. 1036189
Assistant CCRC-M
Monroe@ccmr.state.fl.us

**/s/ Chelsea Chitty**
CHELSEA SUE CHITTY
Florida Bar No. 1045375
Assistant CCRC-M
Chitty@ccmr.state.fl.us

Law Office of the Capital Collateral Regional Counsel – Middle Region
12973 N. Telecom Parkway Temple Terrace, FL 33637
Phone: 813-558-1600
support@ccmr.state.fl.us

**<u>THE STATE INCORRECTLY ASSERTS THAT CRAIN'S PETITION FOR WRIT OF HABEAS CORPUS IS A SUCCESSIVE PETITION.</u>**

The State of Florida ("the State") incorrectly asserts that Crain's petition for writ of habeas corpus is a successive petition. The State in its response does not argue that the facts here are substantively different than the facts in *Magwood*[1]. It instead argues that this Court should circumvent *Magwood* based on the trial court's misuse of the term "*nunc pro tunc*" in Crain's resentencing.

In *Magwood*, the petitioner's initial death sentence was vacated and he was resentenced to death after a new sentencing hearing. 561 U.S. at 323. The Supreme Court found that the resentencing was an intervening judgment and his petition was his "first application challenging that intervening judgment" based on the plain language of § 2244(b). *Id.* at 339. The Court thus found that "[b]ecause Magwood's habeas application challenges a new judgment for the first time it is not 'second or successive' under § 2244(b)." *Id.* at 323.

Crain's case is analogous to the facts found in *Magwood,* and the State never argues that Crain's case is substantively different or that the holding is inapplicable to Crain. A court reviewed and invalidated Crain's initial conviction for kidnapping. The trial court imposed a new conviction for false

1 *Magwood v. Patterson*, 561 U.S. 320 (2010).

imprisonment and a new sentence in 2025. It did not remove a term unrelated to his confinement. *Compare, Patterson v. Sec'y, Dep't of Corr.* 849 F. 3d 1321 (11th Cir 2017). Nor did the trial court merely adjust Crain's awarded jail credit. *Compare, Miller v. Sec'y, Dep't of Corr.* 2022 WL 29924 (11th Cir. 2022) (unpublished). The trial court's resentencing of Crain substantively changed both his conviction and his sentence on count two, something the State itself recognized describing the trial court's order resentencing Crain as "*the newly imposed sentence on the false imprisonment conviction (not entered until 2025).*" (Doc. 14) (emphasis added). Thus, even the State's own description supports that Crain is entitled to initial habeas review. *See*, *Insignares v. Sec'y, Dep't of Corr.,* 755 F. 3d 1273, 1281 (11th Cir. 2017) (finding "a judgment [is] comprised of both the sentence and conviction.").

The State's reliance on *Osbourne v. Sec'y, Dep't of Corr.*, is misplaced. 968 F. 3d 1261 (11th Cir. 2020). Crain recognizes that in *Osbourne,* the Eleventh Circuit declined to review a state court's *nunc pro tunc* designation. 968 F. 3d at 1267, n.4. *Osbourne* cited a portion of the Supreme Court decision in *Coleman v. Thompson* that discussed the impropriety of a federal court exercising jurisdiction before the state has had an opportunity to review the claim and noted that Coleman did not raise the issue in state court to support this decision. *Id*. However, the Supreme Court in *Coleman* also found that the

federal court must still determine for itself the adequacy of the state court decision. 501 U.S. 722, 736 (1991). And the Court has found that the state rule must be "firmly established and regularly followed." *Lee v. Kemma*, 534 U.S. 362, 375 (2002). These cases do not support the blanket way that the Eleventh Circuit applied *Osbourne* in *Cassidy v. Sec'y, Dep't of Corr.* 119 F. 4th 1336, 1341 (11th Cir. 2024). Rather, they support the way the Sixth Circuit decided the *nunc pro tunc* issue: "no matter the label" the trial court's order changed the *substance* of Crain's sentence and conviction "and thus amounted to a new judgment." *See*, *Crangle v. Kelly*, 838 F. 3d 673, 680 (6th Cir. 2016).

The law is clear that the calculation of the statute of limitations is based on the new judgment. *See, Kleckley v. Florida*, 2025 WL 1806603 at 4 (11th Cir. July 1, 2025). The State's argument that Crain is 25-years too late in filing his present petition illustrates the absurdity of the use of *nunc pro tunc* in this situation and how it is being improperly wielded to deny Crain his right to federal habeas review. It was impossible for Crain to have challenged his present judgment 25 years ago because the judgment did not exist 25 years ago.

Thus, this claim has merit. While the State *claims* that Crain provides no support to his argument that a *nunc pro tunc* designation is improper, it fails to provide support *for the use* of *nunc pro tunc*. As stated in Crain's Motion for

a Stay of his Execution and his Memorandum of Law, the proper use of "*nunc pro tunc*" is "to correct the record of an order *actually made*, which was either entered incorrectly in the court records or not entered at all." *In re Riha's Estate*, 369 So. 2d 404 (Fla. 2d Dist. Ct. App. 1979). The trial court blatantly misused the term "*nunc pro tunc*" to create a legal fiction. To allow this to stand allows the use of three words to alter the fabric of reality. This stands as an assault to the very nature of our judicial system, a system that is to be found in law.

Crain was never convicted on false imprisonment and sentenced to five-years prison in 1999. His original judgment was neither a clerical error nor entered incorrectly. The trial court's resentencing of Crain is in fact *a substantive change* of Crain's judgment and must be treated as such.

The State also argues that Crain provided no support that there is a federal requirement that the Florida Supreme Court must exercise its jurisdiction to review this decision. Crain does not argue this. What Crain argues is that "a state appellate court's refusal, on the ground of mootness, to consider a federal claim, [does] not preclude [the federal court's] independent determination of mootness; that is itself a question of federal law which this Court must ultimately decide." *Henry v. Mississippi*, 379 U.S. 443, 447 (1965). Crain further demonstrated that his claim is not moot given that he is in custody

pursuant to this judgment and this Court's determination of his claim impacts his convictions and sentences. As the State described, the Florida Supreme Court declined to exercise its jurisdiction and thus *declined* to adjudicate his claims on the merits, and Crain is therefore entitled to de novo review of his claims in his present Petition. Crain has demonstrated that the trial court's imposition of his sentence *nunc pro tunc* was improper and unprecedented in violation of the Fourteenth Amendment and his federal right to habeas review.

**CRAIN'S SECOND CLAIM FOR RELIEF IS PROPERLY BEFORE THIS COURT**

After the denial of the petition on his first judgment entered in 1999, Crain moved this Court to alter or amend its judgment on the basis that there was insufficient evidence to support the element of kidnapping be against the victim's will, the present claim. This Court found that he had not raised the claim in state court or his petition, and thus, he was procedurally defaulted.

Crain properly brings this claim before this Court in his present petition on the new judgment. *Magwood* is clear that, since the text of § 2244(b) refers to an application and not an individual claim, Crain may bring this claim even though "he could have mounted the same challenge to his original death sentence." *Magwood*, 561 U.S. at 323. Crain properly presented this claim to the Florida Supreme Court, who declined to adjudicate it on the merits, and thus has met the exhaustion requirement. Contrary to the State's argument

that Crain is not in custody pursuant to the false imprisonment charge, both *Insignares* and *Saint-Cyr* addressed situations where only one count of the petitioners' judgments were modified, and both came to the conclusion that the undisturbed convictions could also be challenged in a new habeas petition. *Insignares*, 755 F. 3d at 1281; *Saint-Cyr v. United States,* 2024 WL 1759141 (11th Cir. April 24, 2024) (unpublished).

The State in addressing the merits argues against a position that Crain does not put forward in this Petition: that Amanda Brown's disappearance was strong circumstantial evidence of her death. Crain does not argue against that position here. What Crain argues is that the circumstantial evidence demonstrated by the State does not demonstrate where or how she was killed, and thus, does not demonstrate that there was any confining, abducting, imprisoning or restraining against Amanda's will. The State made no showing that Amanda was alive when she left her house, and thus, made no showing of the element of kidnapping or false imprisonment that the confinement or abduction be against her will. The is arguing that something *less* than beyond a reasonable doubt should be the standard. This goes against the very foundation of the criminal justice system.

The State's own characterization of the evidence in its response demonstrates its insufficiency. The alleged blood on Crain's boxer shorts does

not demonstrate where or how that alleged blood got there. The State's own expert could not determine the origin of the scratch marks with any degree of medical certainty, and opined they were also consistent with Crain's profession of crabbing. Crain's behavior with the bleach and the next morning also does not provide any evidence for this element. The circumstantial evidence may *suggest* that *something* happened that night, but does not demonstrate what and certainly fails to support Crain's conviction *beyond a reasonable doubt.* The State says "[t]hese facts support a conclusion that Crain's actions with Amanda the previous evening were unlawful and resulted in her death." But that is not enough. The State must prove each element beyond a reasonable doubt. It does not even argue that it has done so. There is insufficient evidence to support Crain's convictions for both false imprisonment and felony murder. Thus, his convictions violate the Fourteenth Amendment and cannot stand.

Thus, this Court should grant this Motion for Stay of Execution and substantive relief on his Petition.

/s/Chelsea Chitty
CHELSEA SUE CHITTY
Florida Bar No. 1045375
Assistant CCRC
chitty@ccmr.state.fl.us

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY a true copy of the foregoing Reply has been furnished by electronic mail to Rick Buchwalter, Senior Assistant Attorney General, at Rick.Buchwalter@myfloridalegal.com, Timothy.Freeland@myfloridalegal.com, Jonathan.Tanner@myfloridalegal.com, Stephen.Ake@myfloridalegal.com, Scott.Browne@myfloridalegal.com, Marilyn.Muir@myfloridalegal.com, Heather.Davidson@myfloridalegal.com, Paula.Montlary@myfloridalegal.com, Elizabeth.Bueter@myfloridalegal.com, and CapApp@MyFloridaLegal.com and mailed via United States Postal Service to Willie Seth Crain, Jr., DOC #096344, Florida State Prison, 23916 NW 83rd Avenue, Raiford, Florida 32083 on this 23RD day of November, 2026.

Undersigned further hereby certifies that no generative AI was used in the drafting or preparation of this filing.

/s/Chelsea Chitty
CHELSEA SUE CHITTY
Florida Bar No. 1045375
Assistant CCRC
chitty@ccmr.state.fl.us

/s/ Melody J. Jacquay
MELODY JACQUAY-ACOSTA
Florida Bar No. 1010248
Assistant CCRC
support@ccmr.state.fl.us

jacquay@ccmr.state.fl.us

/s/Colleen A. Monroe
COLLEEN ANN MONROE
Florida Bar No. 1036189
Assistant CCRC

CAPITAL COLLATERAL
REGIONAL COUNSEL-MIDDLE
REGION
12973 N. Telecom Parkway
Temple Terrace, Florida 33637
813-558-1643